IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES CARROLL, §
SPN #02371154, §
§
Plaintiff, §
§
v. § CIVIL ACTION NO. H-19-0204
§
STATE OF TEXAS, §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER

While in custody at the Harris County Jail, the plaintiff, James Carroll, also known as James Charles Carroll (SPN #02371154), filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning state court criminal proceedings that are pending against him. Because Carroll is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Carroll filed this case while in custody at the Harris County Jail (the "Jail") as the result of charges that were filed against

him on July 7, 2018.[1]  Public records clarify that Carroll was arrested on that date and charged in Harris County Cause No. 1597362 with retaliation in violation of Texas law by threatening to murder the complainant, D. Brown, on account of Brown's status as a public servant.[2]  On August 23, 2018, a grand jury returned an indictment against Carroll in that case, which remains pending in the 208th District Court for Harris County, Texas.[3]

Invoking 42 U.S.C. § 1983, Carroll sues the State of Texas for violations of due process in connection with his criminal case.[4] In particular, Carroll seeks $100,000.00 in compensatory damages because he was reportedly denied a bond.[5]

## II.  **Discussion**

The only defendant listed in the Complaint is the State of Texas.  Carroll's claims for monetary damages are barred by the Eleventh Amendment, which precludes an action in federal court by a citizen of a state against his or her own state absent an express waiver.  See Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 574 (5th Cir. 2002).  Texas has not waived its Eleventh

---

[1]Complaint, Docket Entry No. 1, p. 4.

[2]See Office of the Harris County District Clerk, located at: http://www.hcdistrictclerk.com (last visited March 5, 2019).

[3]See id.

[4]Complaint, Docket Entry No. 1, pp. 1, 3.

[5]Id. at 4.

Amendment immunity, and § 1983 does not otherwise abrogate state sovereign immunity. See NiGen Biotech, L.L.C., v. Paxton, 804 F.3d 389, 394 (5th Cir. 2015) (citing Quern v. Jordan, 99 S. Ct. 1139, 1145 (1979)). Accordingly, this action must be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.[6]

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The Prisoner's Civil Rights Complaint filed by James Carroll under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

2.   The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 18th day of March, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[6]The court takes judicial notice, moreover, of state court records showing that Carroll is no longer in custody because he was granted a bond. See Office of the Harris County District Clerk, located at: http://www.hcdistrictclerk.com (last visited March 5, 2019).